————o————

## No. 3381.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF M. W. DARTON.

1. Where the evidence adduced fails to show an interruption, an action on a promissory note is barred by five years reckoning

from the day when it was made payable.   R. C. C. 3540.

2.  A promise to buy or sell, which was never carried out, but registered in the Conveyance Office, can no longer be an encumbrance on the property which, independently of the promisee or his legal representatives was expropriated for governmental purposes.

3.  So, a rule (as to the form of which no objection was urged) to cancel from the Conveyance books the inscription of such a promise to buy or sellthe property expropriated was properly made absolute.

4.  Where no answer for an amendment of the decree appealed from is filed none will be supplied by the Court.   C. P. 591, 2 and 887.

Appeal from Civil District Court, Division B.

Henry Chiapella, Appellant.

Edgar M. Cahn, Opponent.

W. J. Hennessey, for Willett.

W. O. Hart, for Register of Conveyances.

BEAUREGARD, J.   During his lifetime, M. W. Darton on the 7th of August, 1893, entered into the following agreement with Henry Willett, viz:

Henry Willett agrees to give the said M. W. Darton the refusal to purchase or sell a certain piece of land known as the Camus Batture, situated in the parish of Orleans, right bank, descending the Mississippi River, one mile below Algiers and about one arpent below the Government Navy Yard reserve, measuring one arpent front on the Mississippi River by a depth from levee to low water mark of river, at a figure not less than $1,500, it being agreed that in case of the sale of said property all over and above the amount of $1000, that said property will bring, is to be divided between said Henry Willett and M. W. Darton in equal proportion; this agreement being entered into in consideration of the said M. W. Darton advancing to said Henry Willett the sum of $500, for which loan the said Henry Willett subscribed his certain promissory note, dated this day, payable one year after date, payable to the order of said M. W. Darton; it being agreed upon and understood that the time for the refusal to purchase or sell said aforedescribed property as aforesaid, is to extend to and terminate at the time of payment of said note of $500, and no further.   Done and agreed this 7th day

145

of August, 1893, at New Orleans, La.

(Signed) H. WILLETT,
M. W. DARTON.

Witnesses:

MAURICE P. WOULFE,
JOHN HOGAN.

Darton died on the 18th of January, 1901. His succession was duly opened on June 4 of that year. And, an item of the inventory, after alluding to the agreement mentioned above, recites that "decedent's right under said contract is appraised at the sum of $250."

The property alluded to in the agreement being community property was the one-half thereof judicially decreed on January 4, 1901 to belong to Peter W. Willett, son of Henry Willett, from whom, on June 17, 1903, the son acquired the remaining half.

In that year, for the enlargement of its Naval Station the whole of this property was, by the U. S. Government expropriated at an award to its then owner, Peter W. Willett of $1600.

But on the 17th of September, 1901, the Darton-Willett agreement was registered in the Conveyance Office (book 179, fol. 675) of this city, and the $1,600 referred to were, as asserted by counsel for appellee in his brief "put in the registry of the U. S. Circuit Court of this district for distribution, owing to the registered encumbrance on said property as per certificates from the Conveyance Office. Hence the rule by Peter W. Willett in the Darton succession against its executors and the Register of Conveyances (who is a mere nominal party herein) for the erasure and cancellation of the inscription of the Darton-Willett written agreement. From the decree of the Court aqua ordering said erasure and cancellation, but reserving in accordance with the prayer in the answer to the rule, whatever rights they could or might have under said agreement, the executors urging their right to claim and recover $300, "being one-half of the amount the property in question sold for over and above the $1,000, which go to Henry Willett or his heirs and assigns, under the agreement."

The form of the proceedings by rule is, it is stated in appellee's brief, not objected to. In it, it is set up that the Willett promissory note dated August 7, 1893, is prescribed, and that the agreement which was its accessory is also extinguished.

The effect of the decree appealed from is a recognition of the prescription urged and a subsisting obligation of Henry Willett under the agreement.

Now, considering the date of the note (which was never paid) on August 7, 1893, to the death of M. W. Darton and the absence from the record of any evidence showing an interruption, the note was unmistakably prescribed. R. C. C. 3540.

Without altering its sense, the agreement may be stated in the words following· "In consideration of a loan of $500 (evidenced by

146

the borrower's promissory note payable one year after date) the following agreement is entered into: the granting to the lender, M. W. Darton of the exclusive right to buy or sell the property for not less than $1500, but all over and above the price obtained of $1000 to be equally divided between the parties to the agreement. Darton's exclusive right to buy or sell to extend to and terminate at the time of payment of said note of $500 and no further.

The existence of the agreement depending on, and terminating with that of the note which was extinguished by prescription, an extension of the existence of the agreement would be going beyond its terms.

Some evidence was adduced to show (by letters which are in the record of Darton to Willett and other parties) Darton's efforts to sell the property in question. These efforts, however, proved abortive. The fact remains that the expropriation proceedings of the government were compulsory measures to acquire the property and depended neither on the efforts of Peter W. Willett or of the succession representatives. So the conclusion of the Court aqua ordering the cancellation of the inscription referred to supra is correct and should be affirmed.

No answer to the appeal praying for an amendment of the decree with respect to a reservation of the right of the succession to proceed under the agreement was filed. This part of the decree cannot be considered. The judgment appealed from is affirmed.

Judgment affirmed.

March 7, 1904.

April 4, 1904. Rehearing refused.